## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STACEY BERNARD MARTIN, BJM, MINOR CHILD; | § § | |
| *Plaintiff* | § § | SA-25-CV-00463-XR |
| -vs- | § § | |
| | § | |
| TONJA OCHONMA, CHARLES OCHONMA, | § § | |
| *Defendants* | § | |

## <u>ORDER</u>

On this date the Court considered the status of this case.  Petitioner Martin filed a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. ECF No. 1 at 9–17. On May 7, 2025, Martin filed a motion to voluntarily dismiss the petition with the Court's permission to refile at a later date. ECF No. 6. Upon careful consideration, the Court issues the following order.

## BACKGROUND

*Pro Se* Petitioner Stacey Martin seeks relief under 28 U.S.C. § 2241 for what appears to be a child custody dispute and allegations that state courts have refused to issue orders for the return of his minor child. ECF No. 1 at 9–17.  In his petition, Martin asks this Court to "have the US Marshals Services [] apprehend his son from the Respondents Tonja and Charles Ochonma and get him somewhere safe . . . ." *Id*. at 16.

## DISCUSSION

### I.     Analysis

### <u>Subject Matter Jurisdiction</u>

This Court "ha[s] a continuing obligation to examine the basis for [its] jurisdiction. *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Federal courts have an

affirmative duty to examine *sua sponte* the basis for subject matter jurisdiction. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Martin's petition under 28 U.S.C. § 2241 is insufficient to confer federal jurisdiction.

Federal courts may grant habeas relief under 28 U.S.C. § 2241 only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). "The term 'custody' refers to individuals who, as a result of a criminal conviction, are subject to 'substantial restraints not shared by the public generally.'" *Stewart v. Downey*, No. 14-2901 CW, 2013 WL 5423795, at *1 (N.D. Cal. Sept. 27, 2013), *aff'd* (Mar. 12, 204) (citing *Lehman v. Lycoming Cnty Children's Servs. Agency*, 458 U.S. 502, 510 (1982)). "Custody is a necessary pre-requisite to habeas jurisdiction under 28 U.S.C. § 2241." *Romo-Briones v. Ridge*, No. 3:04-cv-524-M, 2004 WL 2645553, at *5 (N.D. Tex. Nov. 18, 2004), *R & R adopted*, 2004 WL 2988541 (Dec. 22, 2004).

Martin, as the petitioner, has the burden of showing that this Court has jurisdiction over this matter. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Here, at the time of the filing, Martin resided in San Antonio, Texas. ECF No. 1 at 10. Martin does not allege that he was ever imprisoned or in custody. Thus, as Martin is not in custody for purposes of § 2241, the petition must be dismissed for lack of jurisdiction.

## CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Martin's motion to voluntarily dismiss the petition for writ of habeas corpus (ECF No. 6). The motion to voluntarily dismiss the petition is **GRANTED**. Martin's request to refile the petition at a later date is **DENIED**. For the

reasons explained above, this Court lacks jurisdiction in this matter and any attempts to amend and refile the petition are futile.[1]

 **IT IS ORDERED** that Martin's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **DISMISSED with prejudice.  IT IS FURTHER ORDERED that** Martin's Motion to Transfer Habeas Writ (ECF No. 2) is **DENIED** as **MOOT**.

 The Clerk is **DIRECTED** to **CLOSE** this case.

 The Clerk is **DIRECTED** to mail a copy of this Order to Petitioner at the following address:

Stacey Bernard Martin
119 Dobbs
San Antonio, Texas 78237


 It is so **ORDERED**.

 **SIGNED** this 9th day of May 2025.


_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[1] Ordinarily, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed," *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (citation omitted). However, "[a] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999) (footnote omitted).